

# THE ATTORNEY GENERAL

## OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN 11, TEXAS

September 12, 1963

Honorable John T. Cox　　　　Opinion No. C-141
County Attorney
Bell County　　　　　　　　Re: Can a county issue time
Belton, Texas　　　　　　　　　warrants to finance the
　　　　　　　　　　　　　　　　purchase of a site for
　　　　　　　　　　　　　　　　and construction of a
　　　　　　　　　　　　　　　　building to house the
　　　　　　　　　　　　　　　　offices of certain county
Dear Sir:　　　　　　　　　　officers and agencies?

　　　　In your original letter you have, in effect, asked
two questions: (1) whether a county can issue time warrants
to finance the purchase of a site for and construction of a
"courthouse annex or office building" when such building,
although located as close as practicable to the existing
courthouse, is physically completely unconnected with the
existing structure and separated from it by a street, and
(2) whether a county can issue such time warrants for such
a purpose where the building is located across the street
from the existing courthouse but is physically connected
with it by means of a tunnel beneath the street or by a pass-
ageway over the street.

　　　　In your second letter you have further stated that
the specific purpose of the proposed building would be to
house the offices of the following county agencies: (1) Bell
County Department of Public Welfare, (2) Bell County Tax
Assessor-Collector, (3) Bell County Juvenile Officer, (4) Bell
County School Superintendent, (5) Bell County Agent, (6) Bell
County Home Demonstration Agent, and (7) Bell County Health
Unit.

　　　　The first matter to be determined in answering your
inquiry is the power of the county, through the Commission-
ers' Court, to provide such a building at all, for although
the Commissioners' Court does serve as the governing body of
the county and although its control extends to nearly every

Hon. John T. Cox, page 2 (C-141)

phase of the county's business, its jurisdiction is not plenary. Its power must be specifically authorized by the Constitution or the statutes, or by necessary implication therefrom. Canales v. Laughlin, 147 Tex.169,214 S.W.2d 451 (1948).

Article 2351, Vernon's Civil Statutes, enumerates the various powers and duties of the Commissioners' Courts. Subdivision 7 of that statute provides that the court shall:

"Provide and keep in repair court houses, jails and all necessary public buildings."

The courts have interpreted this subdivision of Article 2351 in the case of Dancy v. Davidson, 183 S.W.2d 195 (Tex.Civ.App.1944, error ref.), in which the court said, at page 198:

"By the term 'public building' as used in the statute is meant a building used primarily for public or governmental purposes, that is, to house public or governmental agencies. . . . The Commissioners' Court is the legal body authorized under the statute to determine whether or not a 'public building' is 'necessary' and its decision relating thereto can not be disturbed by this court, except upon a showing of an abuse of discretion . . ."

As to the definition of what constitutes a "public building" under Article 2351, this office has written numerous opinions. Enclosed is Attorney General's Opinion No. O-1952 (1940), written prior to the Dancy case, supra, which states, at page 5, " . . . that 'necessary public buildings' mean public buildings essential for the conduct of strictly 'county business'; and, when referring to office buildings, it means public buildings essential for housing the offices of county officers or agencies."

It is clear that the offices and agencies listed in your second letter, as set out above, are performing for the county governmental and public functions; that a building to

-692-

house such offices is a "public building" within the purview
of Subdivision 7 of Article 2351; and that the Commissioners'
Court has the statutory authority to determine whether such
"public building" is "necessary".

Having determined that the Commissioners' Court of
the county has the power to provide the building in question
we must next determine whether the county can issue time war-
rants to pay for the purchase of the site and costs of con-
struction of such a building.

It has long been the established rule in Texas that
where, as here, the Commissioners' Court has the power to
provide something -- in this case, "other necessary public
buildings" under Subdivision 7 of Article 2351, and, under
Subdivision 10 of Article 2351, to "audit and settle all ac-
counts against the county and direct their payment" -- the
power to incur debt for such purposes and to evidence the
debt by issuance of time warrants is necessarily implied.
San Patricio County v. McClane, 58 Tex.243 (1883); Stratton
v. Commissioners' Court, 137 S.W.1170 (Tex.Civ.App. 1911,
error ref.); Lasater v. Lopez, 110 Tex.179,217 S.W.373 (1919).

A fairly recent statute, Article 2370b, Vernon's Civil
Statutes, authorizes issuance by the Commissioners' Court of
negotiable bonds of the county for the purpose of, among other
things, the construction of county office buildings and the
purchase of sites therefor. It has long been the established
rule in this regard that the power to issue negotiable bonds
is a different power from that to issue non-negotiable time
warrants and that the grant of the power to issue such nego-
tiable bonds confers upon the Commissioners' Court an addi-
tional power and does not deprive it of its existing author-
ity to issue warrants. Lasater v. Lopez, supra.

Thus the answer to your first question is that the
Commissioners' Court of a county does have the power to pur-
chase a site for and construct a county office building,
across the street from and physically unconnected with the
existing courthouse, to house the enumerated offices and to
issue time warrants for this purpose. In view of our answer
to your first question it is obvious that the answer to your
second question would also be in the affirmative.

## S U M M A R Y

The Commissioners' Court of Bell County has the authority to build a county office building, across the street from and physically unconnected with the existing courthouse, to be used for the stated purposes and can finance the purchase of the site for and construction of such a building by issuance of time warrants.

Very truly yours,

WAGGONER CARR
Attorney General of Texas

By *James M. Strock*
James M. Strock
Assistant Attorney General

JMS-s
Enclosure

APPROVED:
OPINION COMMITTEE
W. V. Geppert, Chairman

Howard Mays
J. C. Davis
J. S. Bracewell
Ben Harrison

APPROVED FOR THE ATTORNEY GENERAL
By: Stanton Stone